UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-cv-11785

ALEXANDER BRIAN ARREDONDO a/k/a
CARLOS ARREDONDO,
Plaintiff,

V.

DAVID ROBERTO, FRANCISCO RODRIGUEZ,
BIENVENIDO DELACRUZ, DANA LAMB, and
CITY OF BOSTON
Defendants.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, the Defendants, David Roberto, Francisco Rodriguez, Bienvenido Delacruz, Dana Lamb, and the City of Boston, ("Defendants") hereby petition for the removal of the action entitled, <u>Alexander Brian Arredondo a/k/a Carlos Arredondo v. David Roberto, Francisco Rodriguez, Bienvenido Delacruz, Dana Lamb, and City of Boston</u>, Docket No. SUCV2012-3218-E, from the Suffolk Superior Court Department of the Trial Court of the Commonwealth of Massachusetts, where it is currently pending.

As reasons for this petition, the Defendants state as follows:

1. This action, brought pursuant to 42 U.S.C. § 1983, alleges *inter alia*, that City of Boston police officers David Roberto, Francisco Rodriguez, Bienvenido Delacruz and Dana Lamb violated the Plaintiff's civil rights under the United States Constitution and the Massachusetts Declaration of Rights. The Plaintiff alleges that his arrest was unlawful and affected by means of excessive force. For the alleged constitutional

1

violation, the Plaintiff seeks both compensatory and punitive damages. (See Plaintiff's Complaint, attached hereto as Exhibit "1").

2. The Plaintiff's claims for relief clearly arise under the Constitution, treaties or laws of the United States and therefore is subject to removal under 28 U.S.C. § 1441(b).

3. A fair reading of the facts and theories as a whole makes it apparent that federal constitutional law and issues are essential to this case and therefore the Defendants have a statutory right to remove this action.

4. This Notice of Removal is being filed within thirty days after the City of Boston was served with the Plaintiff's Complaint. The City of Boston was served on September 14, 2012 with the Plaintiff's Summons. (See Plaintiff's Summons attached hereto as Exhibit "2").

5. Upon information and belief, the Defendant City of Boston is the only party who has been properly served at this time.

6. The City of Boston consents to the removal of this action.

[signature on next page]

Respectfully submitted,
DEFENDANTS, DAVID ROBERTO, FRANCISCO RODRIGUEZ, BIENVENIDO DELACRUZ, DANA LAMB, and CITY OF BOSTON

By their attorneys,

William F. Sinnott
Corporation Counsel


/s/ Nicole M. Loughlin
Lisa Skehill Maki (BBO#675344)
Senior Assistant Corporation Counsel
Nicole M. Loughlin (BBO#675535)
Assistant Corporation Counsel
City of Boston Law Department
Room 615, Boston City Hall
Boston, MA 02201
(617) 635-4039 (Nicole)
Lisa.Maki@cityofboston.gov
Nicole.Loughlin@cityofboston.gov

Date: September 26, 2012


## CERTIFICATE OF SERVICE

I, Nicole M. Loughlin, hereby certify that on this date I served a copy of the foregoing document via mail to counsel for the Plaintiff:

Bruce T. MacDonald
P.O. Box 255
Nutting Lake, MA 01865

/s/ Nicole M. Loughlin
Nicole M. Loughlin

Dated: September 26, 2012

# EXHIBIT 1

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT
DEPARTMENT
NO.

ALEXANDER BRIAN ARREDONDO, )
a/k/a CARLOS ARREDONDO, )
    Plaintiff )
 )
v. )
 )
DAVID ROBERTO, FRANCISCO RODRIGUEZ, )
BIENVENIDO DELACRUZ, DANA LAMB, )
and CITY OF BOSTON, )
    Defendants )

## COMPLAINT AND JURY CLAIM

### INTRODUCTION

1. This is a civil rights action for the unlawful arrest, and use of excessive force during the arrest, of Alexander Brian Arredondo, also known as Carlos Arredondo, while he was lawfully paying his respects to the funeral motorcade of Senator Edward M. Kennedy. On or about August 29, 2009, a Boston police officer approached Mr. Arredondo while his pickup truck was lawfully parked in a handicapped parking space in front of Boston Police Headquarters, One Schroeder Plaza, Boston, Massachusetts. The officer told Mr. Arredondo to take down an American flag he was raising and to move the truck. Although, the order of the officer was illegal, Mr. Arredondo began to comply with the order. The officer, nevertheless, grabbed Mr. Arredondo and threw him to the sidewalk. Three other Boston Police officers grabbed Mr. Arredondo and all of the officers assaulted him while he was immobilized, prone,

on the sidewalk. Mr. Arredondo was arrested and charged with disorderly conduct, and resisting arrest. All charges were ultimately dismissed.

2. The City of Boston is sued for failing to properly train its police officers in properly enforcing the City's parking regulations. The City also failed to supervise or discipline police officers to assure that they followed the law in making arrests of bystanders on lawfully designated parade or motorcade routes. The City permitted officers to feel that they could commit misconduct without fear of punishment.

**JURISDICTION**

3. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution, the Massachusetts Civil Rights Act, and Massachusetts common law. The court has concurrent jurisdiction, with the federal court, over all federal claims.

**PARTIES**

4. Plaintiff Alexander Brian Arredondo, also known as Carlos Arredondo, is a resident of Boston, Suffolk County, Massachusetts, and is a native of Costa Rica and a naturalized citizen of the United States.

5. Defendant David Roberto was at all times relevant to this complaint a duly appointed police officer of the Boston Police Department. His actions alleged in this complaint were taken under the color of the laws of the Commonwealth of Massachusetts and the City of Boston. He is sued in his individual capacity.

6. Defendant Francisco Rodriguez was at all times relevant to this complaint a duly appointed police officer of the Boston Police Department. His actions alleged in this complaint were taken under the color of the laws of the Commonwealth of Massachusetts and the City of Boston. He is sued in his individual capacity.

7. Defendant Bienvenido Delacruz was at all times relevant to this complaint a duly appointed police officer of the Boston Police Department. His actions alleged in this complaint

2

were taken under the color of the laws of the Commonwealth of Massachusetts and the City of Boston. He is sued in his individual capacity.

8. Defendant Dana Lamb was at all times relevant to this complaint a duly appointed police officer of the Boston Police Department. His actions alleged in this complaint were taken under the color of the laws of the Commonwealth of Massachusetts and the City of Boston. He is sued in his individual capacity.

9. Defendant City of Boston is a municipal corporation duly organized and existing according to the laws of the Commonwealth of Massachusetts.

**FACTS**

10. On August 29, 2009, the morning of the late Senator Edward M. Kennedy's funeral, plaintiff parked his pickup truck in front of Boston Police Headquarters, One Schroeder Plaza, Boston, in a handicapped parking space, for the purpose of honoring Senator Kennedy as the funeral motorcade passed by Police Headquarters on its way to the church from the John F. Kennedy Library.

11. The funeral motorcade route had been well publicized and it was plaintiff's intention and desire to be present along the motorcade route with his truck in order to create a memorial to Senator Kennedy in appreciation for the assistance Senator Kennedy had provided to plaintiff and his family following the death of plaintiff's son, Alexander Arredondo, in August, 2004, while serving as a Marine in Iraq.

12. When parking his truck in front of Boston Police Headquarters, plaintiff was accompanied by his wife, Mélida Arredondo, who was disabled and walking with a cane. Mrs. Arredondo had possession of a "Disabled Persons Parking Identification Placard," numbered P46101992, which was prominently hanging from the interior rear view mirror of the truck, and which was clearly visible from outside the truck.

13. In anticipation of paying their respects to Senator Kennedy, plaintiff and his wife had prepared a cardboard sign that read "Thank You Senator Kennedy" on one side and "Gracias Senador Kennedy" on the other side.

14. Plaintiff had decorated his pickup truck as a memorial to Senator Kennedy, consisting of a display containing pictures of him with Senator Kennedy, copies of letters the Senator had sent to the family, his son's combat boots, and a folded American flag in a wooden display case. It was plaintiff's intention to raise a second American flag on a pole that would extend to a height of 26 feet from the bed of the pickup truck.

15. After plaintiff and his wife parked at the handicapped space, both of them emerged from the vehicle. Mrs. Arredondo, carrying the cardboard sign, a camera, and walking with a cane, proceeded toward Ruggles street to watch the motorcade.

16. Plaintiff remained at the vehicle and proceeded to raise the American flag. While doing so, plaintiff was approached by a Boston police officer, believed to be defendant David Roberto.

17. Defendant Roberto walked toward plaintiff, told him that he was parked in a handicapped space, and told him to move the vehicle immediately. Plaintiff responded that he had his wife's handicapped placard and that she was walking toward Ruggles Streets. Defendant Roberto again told plaintiff that he had to move the vehicle immediately.

18. Plaintiff told defendant Roberto that he needed to take down the 26 foot flag pole before he moved the vehicle and that he had to summon his wife who was some distance away. Defendant Roberto stated to plaintiff that if he did not leave "now" he would be arrested.

19. Plaintiff asked for time to lower the American flag and remove the 26 foot pole, and to summon his wife. Defendant Roberto immediately made a radio call to summon other officers. In a moment, plaintiff was surrounded by three Boston Police officers, believed to be defendants Rodriguez, Delacruz and Lamb, who grabbed him and dragged him from the area

4

next to his vehicle to the sidewalk. On the sidewalk, plaintiff was thrown to the pavement, face down, and handcuffed with his arms behind his back.

20. Defendant Roberto and defendants Rodriguez, Delacruz and Lamb were variously on top of plaintiff, continuously smashing him to the pavement, with their knees on his legs and ankles. Plaintiff did not strike any defendant or otherwise resist.

21. Mrs. Arredondo, having become aware of the commotion, walked with her cane back to where her husband was being assaulted by Boston Police officers and observed at least three officers on top of plaintiff. One officer tried and failed to take away her camera when he apparently realized that she was photographing the activity.

22. Plaintiff was arrested by defendants Roberto, Rodriguez, Delacruz and Lamb, and transported to District B-2 station, where he was booked and placed in a cell. He complained of severe pain and difficulty breathing and was transported to Boston Medical Center about one hour after his arrival at the station.

23. During the booking process, a Boston Police officer informed plaintiff's wife that the police were contacting Immigration and Customs Enforcement (ICE), that the Secret Service was being called into the case, and that her husband could face immigration difficulties as a result of this incident.

24. Plaintiff was hospitalized at Boston Medical Center at about 10:23 a.m., and was shackled to a bed and guarded by two Boston Police officers. He was given no opportunity to confer with his wife. After about nine hours of being shackled to a hospital bed, a bail commissioner arrived at the hospital, and plaintiff was released. Plaintiff remained at Boston Medical Center overnight for observation. He was discharged the following morning, and was able to attend the memorial mass for his son, Alexander Arredondo, who had been killed in Iraq five years previously.

25. Following his arrest, imprisonment, and hospitalization, plaintiff was charged in the Roxbury District Court (Docket No. 0902CR004255) with disorderly conduct in violation of

5

M.G.L. c. 272, § 53, and resisting arrest in violation of M.G.L. c. 268, § 32B. The complaint was dismissed on January 28, 2010 at the request of the Commonwealth.

26. As a result of the physical violence inflicted upon him by defendants Roberto, Rodriguez, Delacruz and Lamb, plaintiff suffered injury to his shoulder, left ankle and back. In addition to the physical pain, and shackled detention to a hospital bed, plaintiff suffered emotional and mental pain, including public shame and humiliation.

27. The police report filed by defendant Roberto bore little resemblance to the actual facts of the incident and defendant's arrest.

28. Plaintiff acted lawfully in parking in the handicapped parking space and in exercising his First Amendment rights to assembly and speech as others were doing along the route of the funeral motorcade on the morning on August 29, 2009. He committed no violations of any City of Boston rules or regulations or any Massachusetts laws. After his arrest and while the criminal charges were pending, plaintiff suffered emotional distress, and was preoccupied with the case. He was upset and had trouble sleeping. His relationship with his wife, family members and friends were affected. He had to hire a criminal defense attorney to defend him from the baseless charges. He continues to suffer from the unlawful arrest and use of excessive force.

29. The City of Boston had an obligation to properly train its police officers on the identification and enforcement of parking violations and the treatment of individuals lawfully exercising their constitutional rights of assembly and speech at public events.

30. The City of Boston had an obligation to supervise its police officers to assure that they utilized the proper criteria in enforcing parking regulations and making arrest decisions allegedly resulting from violation of parking regulations.

31. At the time of the events alleged herein, the City of Boston had a policy or custom of indifference to misconduct by Boston police officers by failing to properly investigate complaints of misconduct and to discipline officers, including defendant officers herein, who

6

used unreasonable or excessive force. The City of Boston also had a policy or custom of tolerating a "code of silence" in which Boston Police officers understood that they were not to report misconduct by fellow police officers.

### COUNT I
### (42 U.S.C. § 1983 Claim Against Individual Defendants
### Roberto, Rodriguez, Delacruz, and Lamb: Unconstitutional Arrest)

32. Paragraphs 1 through 31 are re-alleged as if fully set forth herein.

33. Defendants Roberto, Rodriguez, Delacruz and Lamb, acting in concert, arrested plaintiff.

34. Defendants Roberto, Rodriguez, Delacruz and Lamb deprived plaintiff of his well-established rights to freedom of speech under the First Amendment to the United States Constitution, and to freedom from arrest without probable cause under the Fourth Amendment to the United States Constitution as applied under the Fourteenth Amendment.

35. As a direct and proximate result of defendants' actions, plaintiff suffered the damages as described above.

### COUNT II
### (42 U.S.C. § 1983 Claim Against Individual Defendants
### Roberto, Rodriguez, Delacruz, and Lamb: Unreasonable Use of Force)

36. Paragraphs 1 through 35 are re-alleged as if fully set forth herein.

37. Defendants Roberto, Rodriguez, Delacruz and Lamb, acting in concert, used unreasonable and excessive force against plaintiff.

38. Defendants Roberto, Rodriguez, Delacruz and Lamb deprived plaintiff of a well-established right to freedom from the use of excessive force.

39. Their actions were taken with reckless disregard for plaintiff's constitutional rights.

40. As a direct and proximate result of defendants' actions, plaintiff suffered the damages as described above.

7

### COUNT III
### (Massachusetts Civil Rights Act, M.G.L. c. 12, § 111 Claim Against Defendants Roberto, Rodriguez, Delacruz, and Lamb)

41. Paragraphs 1 through 40 are re-alleged as if fully set forth herein.

42. Acting jointly and in concert, defendants Roberto, Rodriguez, Delacruz and Lamb violated the plaintiff's civil rights under the Massachusetts Civil Rights Act, M.G.L. c. 12, § 111, by threats, intimidation, and coercion.

43. As a direct and proximate result of defendants' actions, plaintiff suffered the damages described above.

### COUNT IV
### (Tort of Assault and Battery Against Defendants Roberto, Rodriguez, Delacruz, and Lamb)

44. Paragraphs 1 through 43 are re-alleged as if fully set forth herein.

45. Defendants Roberto, Rodriguez, Delacruz and Lamb committed an assault and battery upon the plaintiff.

46. As a direct and proximate result of defendants' actions, plaintiff suffered the damages described above.

### COUNT V
### (Tort of False Imprisonment Against Defendants Roberto, Rodriguez, Delacruz, and Lamb)

47. Paragraphs 1 through 46 are re-alleged as if fully set forth herein.

48. Defendants Roberto, Rodriguez, Delacruz and Lamb used excessive and unreasonable force in unlawfully arresting the defendant or assisting the arresting officer, in violation of the law of this Commonwealth.

49. By reason of the unlawful conduct of said defendants, the plaintiff was deprived of his personal liberty, suffered great pain and anguish of mind, and was damage as described above.

### COUNT VI
**(Tort of Intentional Infliction of Emotional Distress Against Defendants Roberto, Rodriguez, Delacruz, and Lamb)**

50. Paragraphs 1 through 49 are re-alleged as if fully set forth herein.

51. The conduct of defendants Roberto, Rodriguez, Delacruz and Lamb in arresting and assaulting plaintiff was extreme and outrageous.

52. Said defendants intended to cause, or recklessly disregarded the probability of causing, emotional distress to plaintiff.

53. As a proximate result of defendants' conduct, plaintiff suffered extreme emotional distress, and was otherwise damage as described above.

### COUNT VII
**(Tort of Negligent Infliction of Emotional Distress, M.G.L. c. 258 Against Defendants Roberto, Rodriguez, Delacruz, and Lamb)**

54. Paragraphs 1 through 53 are re-alleged as if fully set forth herein.

55. As a result of the negligence and lack of due care of defendants Roberto, Rodriguez, Delacruz and Lamb, in the decision to arrest defendant and the actual arrest, defendant suffered physical injuries as set forth above, and also suffered extreme emotional distress.

56. Pursuant to M.G.L. c. 258, § 4, written notice of plaintiff's claim was provided to said defendants' employer, defendant City of Boston, on or about March 28, 2011, with said notice being received by defendant City of Boston on or about April 4, 2011.

### COUNT VIII
**(Tort of Malicious Prosecution Against Defendants Roberto, Rodriguez, Delacruz, and Lamb)**

57. Paragraphs 1 through 56 are re-alleged as if fully set forth herein.

58. Acting jointly, defendants Roberto, Rodriguez, Delacruz and Lamb caused criminal charges to be brought against plaintiff without probable cause and with malice. The criminal charges were all disposed of favorably to plaintiff.

59. As a direct and proximate result of defendants' actions, plaintiff suffered the damages described above.

### COUNT IX
### (42 U.S.C. § 1983 Claim Against Defendant City of Boston)

60. Paragraphs 1 through 59 are re-alleged as if fully set forth herein.

61. The violation of plaintiff's constitutional rights by defendants Roberto, Rodriguez, Delacruz and Lamb were caused by the policies and customs of the City of Boston as described above.

62. As a direct and proximate result of defendants' actions, plaintiff suffered the damages described above.

### COUNT X
### (Negligence Against Defendant City of Boston, M.G.L. c. 258)

63. Paragraphs 1 through 62 are re-alleged as if fully set forth herein.

64. Defendant City of Boston, its agents, servants or employees, were negligent in the training and supervision of members of the police department in the enforcement of parking regulations and the criteria to be utilized in making an arrest decision allegedly resulting from violation of a parking regulation.

65. Defendant City of Boston, its agents, servants or employees, were negligent in the training and supervision of members of the police department in the treatment of individuals lawfully exercising their constitutional rights of assembly and speech at public events, and in the criteria to be utilized in making a decision to arrest said individuals.

66. As a result of said negligence and lack of due care of defendant City of Boston, its agents, servants or employees, defendant suffered physical injuries as set forth above, and also suffered extreme emotional distress.

67. Pursuant to M.G.L. c. 258, § 4, written notice of plaintiff's claim was provided to defendant City of Boston, on or about March 28, 2011, with said notice being received by defendant City of Boston on or about April 4, 2011.

**WHEREFORE,** plaintiff requests that this Court:

1. award compensatory damages;

2. award punitive damages against defendants Roberto, Rodriguez, Delacruz and Lamb;

3. award the costs of this action, including reasonable attorney's fees; and

4. award such other further relief as this Court may deem necessary and appropriate.

Dated: August 27, 2012                          ALEXANDER BRIAN ARREDONDO

                                                By his attorney,

                                                Bruce T. Macdonald
                                                BBO #310400
                                                P.O. Box 255
                                                Nutting Lake, MA 01865
                                                (978) 663-4680
                                                Email: btm95@aol.com

**PLAINTIFF CLAIMS TRIAL BY JURY**

# EXHIBIT 2

# Commonwealth of Massachusetts

SUFFOLK, ss.

RECEIVED
CITY CLERK'S OFFICE
2012 SEP 14 A 10: 43
BOSTON, MA

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. __12-3218 E__

ALEXANDER BRIAN ARREDONDO a/k/a
CARLOS ARREDONDO
, Plaintiff(s)

FORWARDED BY THE
CITY CLERK TO THE

SEP 14 2012

v.

DAVID ROBERTO, FRANCISCO RODRIGUEZ,
BIENVENIDO DELACRUZ, DANA LAMB and
CITY OF BOSTON
, Defendant(s)
LAW DEPARTMENT

## SUMMONS

To the above-named Defendant: CITY OF BOSTON

You are hereby summoned and required to serve upon __Bruce T. Macdonald__ plaintiff's attorney, whose address is __P.O. Box 255, Nutting Lake, MA 01865__, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the __13th__ day of __September__, in the year of our Lord two thousand __twelve__.

*Michael Joseph Donovan*
Clerk/Magistrate

A true copy Attest:
Sheriff Suffolk County

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 20M-10/11